# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

ANTONIO MCCLEMORE,

        Plaintiff,

v.                                                     9:14-cv-0626 (BKS/DEP)

MAUREEN BOSCO, *CNYPC Director, et al,*

        **Defendants.**

---

**APPEARANCES:**

Antonio McClemore
01-B-1676
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929
Pro se Plaintiff

Hon. Eric T. Schneiderman
New York State Attorney General
Christopher W. Hall, Esq., Assistant Attorney General
Nicole Haimson, Esq., Assistant Attorney General
The Capitol
Albany, NY 12224
For Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Antonio McClemore, a New York State inmate, commenced this pro se civil rights action under 42 U.S.C. § 1983 on May 29, 2014. Dkt. No. 1. On March 13, 2015, defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to

state a claim.  Dkt. No. 26.  On May 28, 2015, Plaintiff filed a response to the motion.  Dkt. No. 37.  A reply was filed by defendants on June 8, 2015.  Dkt. No. 39.

On February 16, 2016, United States Magistrate Judge David E. Peebles issued a Report and Recommendation recommending that defendants' motion to dismiss be denied. Dkt. No. 47.  Magistrate Judge Peebles advised the parties that, under 28 U.S.C. § 636(b)(1), the failure to file written objections to the Report and Recommendation within fourteen days "will preclude appellate review."  Dkt. No. 47 at p. 37.  Although plaintiff filed a supplemental response in opposition to defendant's motion to dismiss (Dkt. No. 49), neither party has filed an objection to the Report and Recommendation.  On February 26, 2016, defendants filed an answer to the complaint.  Dkt. No. 48.

As no objections to the Report and Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report and Recommendation for clear error. *See Glaspie v. N.Y.C. Dep't of Corr.*, No. 10 CV 00188(GBD)(JCF), 2010 WL 4967844, at *1, 2010 U.S. Dist. LEXIS 131629, at *2-3 (S.D.N.Y. Nov. 30, 2010) (explaining that when no objections to report and recommendation are made, "the Court may adopt [it] if there is 'no clear error on the face of the record.'") (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).  Having reviewed the Report and Recommendation for clear error and having found none, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 47) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss for failure to state a claim (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**Dated: March 14, 2016**

Brenda K. Sannes
U.S. District Judge

2010 WL 4967844
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. New York.

Gordon GLASPIE, Plaintiff,
v.
NEW YORK CITY DEPARTMENT OF CORRECTIONS, et al., Defendants.

No. 10 CV 00188(GBD)(JCF). | Nov. 30, 2010.

*MEMORANDUM DECISION AND ORDER*

GEORGE B. DANIELS, District Judge.

*\*1 Pro se* Plaintiff Gordon Glaspie filed this suit under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by assigning him to a cell block area where swine flu (H1N1) cases had been discovered. Plaintiff alleged injuries of mental and emotional stress. Defendants moved to dismiss Plaintiff's Complaint on two grounds: (1) FED. R. CIV. P. 12(b)(1) for Plaintiff's failure to exhaust his administrative remedies; and (2) FED. R. CIV. P. 12(b)(6) for Plaintiff's failure to state a claim. This Court referred the motion to Magistrate Judge James C. Francis IV for a Report and Recommendation ("Report"). Magistrate Judge Francis recommended that the Defendants' motion to dismiss for failure to state a claim be granted.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.; see also Rivera v. Barnhart,* 432 F.Supp.2d 271, 273 (S.D.N.Y.2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith,* 618 F.Supp. 1186, 1189–90 (S.D.N.Y.1985) (quoting *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato,* 388 F.Supp.2d 250, 253 (S.D.N.Y.2005) (citation omitted).

In his report, Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). This Court has received no objections to the Report, and the time to do so has expired.

Magistrate Judge Francis properly determined that Plaintiff failed to adequately allege a deprivation of "basic human needs" that was "objectively sufficiently serious." Plaintiff, therefore, did not identify conduct constituting an Eighth Amendment violation for cruel and unusual punishment. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). In particular, Magistrate Judge Francis found that: (1) mere exposure to swine flu does not involve an "unreasonable risk of serious damage to ... future health"; (2) no residual risk exists because Plaintiff was moved to a different correctional facility; and (3) the Amended Complaint lacked factual allegations of an illness resulting from Plaintiff's exposure or risk of latent health effects. *Helling v. McKinney,* 509 U.S. 25, 35–36 (1993); *see also* Report at 7 (collecting cases).[1]

[1] As to the Rule 12(b)(1) ground for dismissal, Magistrate Judge Francis determined that, "because the instant motion can be determined on other grounds, it need not be determined whether plaintiff exhausted his claims." Report at 3; *see* 42 U.S.C. § 1997e(c)(2); *Woodford v. Ngo,* 548 U.S. 81, 85, 101 (2006) (the "exhaustion requirement is not jurisdictional, and thus [allows] a district court to dismiss plainly meritless claims without first addressing what may be a such more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies")

*\*2 After carefully reviewing the Report and Recommendation, this Court finds that the Report is not facially erroneous, and adopts the Report's recommendation to dismiss all claims against all Defendants. The Defendants' motion to dismiss is GRANTED.

SO ORDERED:

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 4967844

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

**WestlawNext** © 2015 Thomson Reuters. No claim to original U.S. Government Works.