UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTONIIO MCCLEMORE,

                            **Plaintiff,**

v.                                                                         9:14-CV-0626 (BKS/DEP)

**MAUREEN BOSCO, et al.,**

                            **Defendants.**
_____

Appearances:

Antonio McClemore
01-B-1676
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582
Plaintiff, pro se

Shannan Collier Krasnokutski, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff Antonio McClemore, a New York State inmate, commenced this action under 42 U.S.C. § 1983 alleging that the Defendants violated his rights under the First and Eighth Amendments. (Dkt. No. 1). On March 7, 2017, Defendants filed a motion seeking summary judgment on all of Plaintiff's claims. (Dkt. No. 79). Plaintiff filed an opposition to the motion on April 19, 2017 (Dkt. No. 84). This matter was referred to United States Magistrate Judge David E. Peebles who, on February 2, 2018, issued a Report-Recommendation and Order

recommending that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 86). Magistrate Judge Peebles recommended that all of the claims in plaintiff's complaint be dismissed except the following: (1) a First Amendment free speech and expression claim against defendants Bosco, Conley, and Sacco, arising out of plaintiff's access to writing instruments and the telephone; (2) a First Amendment retaliation claim asserted against defendant Boyer with respect to plaintiff's ACW admission, physical threats and assault; and (3) an Eighth Amendment excessive force claim asserted against defendant Boyer. (Dkt. No. 86). Magistrate Judge Peebles advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 86, at 83). No objections to the Report-Recommendation have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 86) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 79) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that all of claims in Plaintiff's Complaint are **DISMISSED** except for the following claims that remain for trial: (1) a First Amendment free speech and expression claim

2

against defendants Bosco, Conley, and Sacco, arising out of plaintiff's access to writing instruments and the telephone; (2) a First Amendment retaliation claim against defendant Boyer with respect to plaintiff's ACW admission, physical threats and assault; and (3) an Eighth Amendment excessive force claim against defendant Boyer; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  March 6, 2018

Brenda K. Sannes
U.S. District Judge